IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Orlando Ira Brown, | ) |
| Plaintiff, | ) C/A No. 3:17-576-MBS ) ) |
| vs. | ) ) **ORDER AND OPINION** |
| State of South Carolina, | ) ) |
| Defendant. | ) ) |

On March 2, 2017, Plaintiff Orlando Ira Brown, proceeding pro se, brought this action alleging discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. (ADA). Also on March 2, 2017, Plaintiff filed a motion for summary judgment. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling.

Plaintiff alleges that he was a victim of a crime in November 2011. He contends he attempted to report the crime, but that an investigator in the Richland County, South Carolina, Sheriff's Department required him to take a polygraph examination. Plaintiff alleges he was treated differently because he is mentally disabled and a drug user, in violation of the ADA. See ECF No. 1, 5.

The Magistrate Judge issued a Report and Recommendation on March 17, 2017. The Magistrate Judge reviewed the allegations of the complaint and noted that the within action is the fourth case filed by Plaintiff alleging that the Richland County Sheriff's Department violated the ADA by requiring him to take a polygraph test in November 2011. The Magistrate Judge noted that

Plaintiff's first complaint was summarily dismissed for lack of subject matter jurisdiction. See Brown v. South Carolina, C/A No. 3:12-221-MBS (D.S.C. Jan. 24, 2012). The second complaint resulted in an order granting summary judgment in favor of the Richland County Sheriff's Department. See Brown v. Richland County Sheriff's Dep't, C/A No. 3:12-3062-MBS (D.S.C. Oct. 23, 2012). The third complaint was summarily dismissed on the grounds of res judicata. See Brown v. South Carolina, C/A No. 3:13-2983-MBS (D.S.C. Nov. 1, 2013). The Magistrate Judge determined that the within action still is barred by the doctrine of res judicata. Accordingly, the Magistrate Judge recommended that the within action be summarily dismissed without prejudice and without issuance and service of process. Plaintiff filed objections to the Report and Recommendation on March 27, 2017.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. This court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. Id. However, the district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

DISCUSSION

Plaintiff states his objection as follows:

2

> I object to the rule of res judicata by which the Honorable Paige Gossett presided with. Res judicata, at core function, is to prevent judicial waste of time. This prayer is not a waste of time. This prayer is such that justice would be gained, as this Instant Action is, "as a matter of law". God hears all our prayers without barring how many times we can pray about the same thing. The Honorable Justices that preside over this prayer, as the Right Hand of God, should hear this prayer. I am a layman, not a lawyer. God says for us to come to Him as we are. I beg for this Court's mercy and humbly ask that res judicata not be applied to this prayer.

ECF No. 11.

In the court's view, Plaintiff's objections are general and conclusory within the meaning of Orpiano. Nevertheless, the court has thoroughly reviewed the record and Report and Recommendation. As the Magistrate Judge correctly noted, for the doctrine of res judicata to be applicable, there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and later suit; and (3) an identity of parties or their privies in the two suits. Martin v. Am. Bancorporation Ret. Plan, 407 F.3d 643, 650 (4th Cir. 2005). Further, res judicata not only "bar[s] claims that were raised and fully litigated," but also "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." Peugeot Motors of Am., Inc. v. E. Auto Distrib., Inc., 892 F.2d 355, 359 (4th Cir. 1989). Here, the Magistrate Judge found that res judicata applies because (1) the court entered a final judgment on the merits of Plaintiff's prior litigation against the Richland County Sheriff's Department; (2) the allegations in the instant complaint are nearly identical to, and stem from, the same set of facts that gave rise to Plaintiff's earlier filings; and (3) in South Carolina, a sheriff's department is considered to be an arm of the state, so that there is an identity of parties or their privies in both actions. The court discerns no error in the Magistrate Judge's analysis. Plaintiff's objections are without merit.

CONCLUSION

For the reasons stated, the court adopts the Report and Recommendation and incorporates it herein by reference. Plaintiff's complaint is dismissed without prejudice and without issuance and service of process. Plaintiff's motion for summary judgment (ECF No. 4) is **denied as moot.**

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

April 17, 2017.